| | |
|---|---|
| 1 | Marc M. Seltzer (54534) |
| 2 | mseltzer@susmangodfrey.com |
|   | SUSMAN GODFREY L.L.P. |
| 3 | 1900 Avenue of the Stars, Suite 1400 |
|   | Los Angeles, CA 90067-6029 |
| 4 | Phone: (310) 789-3100 |
|   | Fax: (310) 789-3150 |
| 5 | |
| 6 | *Plaintiffs' Co-Lead Counsel* |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION | Case No.: <br><br> (MDL Case No. 2:15-ml-02668-PSG (JEMx); pending in C.D. Cal.) <br><br> **DECLARATION OF TYLER FINN IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY NON-PARTY GOOGLE LLC** <br><br> **[REDACTED VERSION]** |

1    I, Tyler Finn, declare under penalty of perjury that the following is true and
2    correct:
3    1.    I am over the age of twenty-one (21) years and am an attorney at Susman
4    Godfrey LLP. I am counsel of record for Plaintiffs Ninth Inning, Inc., 1465 Third
5    Avenue Restaurant Corp., Robert Gary Lippincott, Jr., and Jonathan Frantz in the
6    above-captioned litigation. I submit this declaration in support of Plaintiffs' Motion
7    to Compel Production of Documents by Non-Party Google LLC.
8    2.    I am competent to testify to the matters stated herein, have personal
9    knowledge of the facts and statements in this declaration, and each of the facts and
10   statements is true and correct.
11   3.    On January 20, 2022, Plaintiffs served on the NFL a request for
12   production that sought "All presentations, analyses, strategic planning documents,
13   and communications regarding the current negotiations for the rights to Sunday
14   Ticket from January 1, 2021 to the present day (and continuing in nature pursuant
15   to Rule 26(e))."
16   4.    On March 30, 2023, Plaintiffs served a subpoena for the production of
17   documents on Google LLC.  A true and correct copy of that subpoena is attached as
18   Exhibit 1.
19   5.    Google submitted written responses and objections to that subpoena on
20   April 13, 2023. A true and correct copy of those responses and objections is attached
21   as Exhibit 2.
22   6.    I participated in a meet-and-confer with counsel for Google on May 22,
23   2023. During that conference, I agreed to exclude Google's communications with the
24   NFL from Plaintiffs' document requests.  I also agreed to narrow Plaintiffs' requests
25   to Google's internal documents concerning: 1) the actual or proposed package
26   characteristics of Sunday Ticket; 2) the retail price of Sunday Ticket; 3) the number
27   of subscribers to Sunday Ticket; 4) restrictions imposed by the NFL's licensing
28

1 agreements with CBS/Fox; 5) the valuation of Sunday-Ticket rights; and 6) the
2 antitrust implications of the arrangement.

3     7.    I subsequently participated in additional meet and confers with counsel
4 for Google on June 2, 2023 and June 20, 2023.  On June 20, 2023, Google agreed to
5 produce three slideshow presentations that were responsive to the narrowed topics. I
6 agreed to defer any discussion of custodial searches until after Plaintiffs' review of
7 Google's production.

8     8.    On July 7, 2023, Google produced three presentations, from which it
9 redacted "certain highly sensitive business information that is not responsive to the
10 requests." Those presentations included ███████████████████████
11 ████████████████████████████████████████
12 ████████████████████████████████████████
13 ████████████████████████████████████████
14 ██████████████████

15     9.    Google's production does not provide information reflecting the various
16 proposals or counterproposals that were exchanged between Google and the NFL.
17 Nor does it contain Google's internal analyses of any proposals or requirements
18 provided by the NFL. None of the documents produced by Google predate November
19 28, 2022.

20     10.    ████████████████████████████████
21 ████████████████████████████████

22     11.    On July 25, 2023, I wrote to Google's counsel to indicate Plaintiffs'
23 intent to pursue custodial discovery.

24     12.    I participated in a meet-and-confer with Google's counsel on July 28,
25 2023.  During that conference, I explained the relevance of the internal documents to
26 the litigation and that internal notes and analyses of meetings between the parties,
27 many of which were conducted in-person or over-the-phone, would not be available
28

from the NFL. Google's counsel requested that Plaintiffs provide a list of potential custodians.

13. Later that day, I emailed Google's counsel Plaintiffs a list of six custodians who would likely possess relevant documents about the negotiations with the NFL.

14. On August 3, 2023, Google wrote Plaintiffs an email stating "that we have produced documents responsive to the topics that you identified for us in earlier conversations, and Google is not willing at this stage to produce anything further."

15. I participated in meet-and-confers with counsel for Google on August 4, 2023 and August 10, 2023. The parties were unable to reach an agreement on a protocol for further production. Google provided no explanation for its refusal to conduct custodial searches.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signed this 21st day of August, 2023 in New York, NY.

*/s/ Tyler Finn*
Tyler Finn