EXHIBIT 2

1  DAVID H. KRAMER, State Bar No. 168452
2  AMIT Q. GRESSEL, State Bar No. 307663
   WILSON SONSINI GOODRICH & ROSATI
3  Professional Corporation
   650 Page Mill Road
4  Palo Alto, CA 94304-1050
   Telephone:  (650) 493-9300
5  Facsimile:   (650) 565-5100
   Email:  dkramer@wsgr.com
6          agressel@wsgr.com

7  BRADLEY T. TENNIS, State Bar No. 281206
8  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
9  1700 K St. NW, Fifth Floor
   Washington DC, 20006
10 Telephone: (202) 973-8825
   Email: btennis@wsgr.com
11

12 Attorneys for Non-Party
   GOOGLE LLC
13

14             UNITED STATES DISTRICT COURT

15             EASTERN DISTRICT OF CALIFORNIA

16 IN RE: NATIONAL FOOTBALL          CASE NO.:  2:15-ML-02668-PSG (JEMx)
   LEAGUE'S SUNDAY TICKET
17 ANTITRUST LITIGATION              **NON-PARTY GOOGLE LLC'S**
                                     **OBJECTIONS AND RESPONSES TO**
18                                   **SUBPOENA FOR PRODUCTION OF**
                                     **DOCUMENTS**
19
   THIS DOCUMENT RELATES TO ALL
20 ACTIONS.                          Production Date:  May 1, 2023

21        Non-Party Google LLC hereby responds to Plaintiff's subpoena as follows:

22                         **GENERAL OBJECTIONS**

23        In addition to Google's responses and objections to the enumerated document requests

24 below, Google makes the following objections to the Subpoena ("General Responses and

25 Objections").  The below objections are also incorporated in the responses and objections to the

26 enumerated document requests stated below.

27

28

1    Google objects to the Subpoena on the grounds that it was improperly served without leave

2    of court. Google understands that discovery in this matter was closed on August 5, 2022. Plaintiffs

3    have not sought leave of Court to serve discovery on Google after the discovery cut-off. As a

4    result, this Subpoena is improper.

5    1.    Google objects to the Subpoena on the grounds that it is unduly burdensome to the

6    extent its Requests are not reasonably tailored in scope.

7    2.    Google objects to the Subpoena on the grounds that it calls for documents or

8    information for an unspecified or overly broad period of time.

9    3.    Google objects to the Subpoena on the grounds that it seeks to impose an undue

10    burden on Google, which is not a party to the underlying action.  Google further objects to the

11    Subpoena to the extent it seeks documents or information that are in the possession, custody, or

12    control of a party to the underlying action or equally available from another source (including

13    public sources) that is more convenient, less burdensome, or less expensive than requiring Google

14    to produce such documents or information.  As a disinterested non-party, Google should not be

15    subjected to the burden of searching for and producing such documents or information unless and

16    until all reasonable means of obtaining that information directly from such other sources have been

17    exhausted. To the extent Google agrees to produce any documents, Google reserves its right to

18    request Plaintiffs to pay for the cost of Google's production of these documents.

19    4.    Google objects to the Subpoena to the extent it seeks documents or information that

20    are not proportionate to the needs of the case or not relevant to any party's claims or defenses.

21    Google reserves the right to redact information concerning irrelevant matters. This Subpoena

22    appears to seek information about an agreement not at issue in the underlying litigation. To the

23    extent there is some relevance to the underlying litigation, these requests are grossly

24    disproportionate to the needs of the case, for among other reasons, the fact that the case has already

25    proceeded past expert discovery.

26    5.    Google objects to the Subpoena to the extent it fails to provide information

27    sufficient to enable Google to conduct a reasonable search for documents and information

28    responsive to the Subpoena, if any.  Without such information, the Subpoena would subject Google

to an unreasonable burden of conducting an overbroad inquiry and search for responsive documents or information.

6.      Google objects to the Subpoena to the extent it purports to require Google to perform anything more than a reasonable and diligent search for documents (including electronic documents) from reasonably accessible sources (including electronic sources).

7.      Google objects to the Subpoena to the extent it seeks electronically stored information that is not reasonably accessible to Google.

8.      Google objects to the Subpoena to the extent that it is vague, ambiguous, or unlimited in time or scope.

9.      Google objects to the Subpoena to the extent it seeks information protected by any privilege, including the attorney-client privilege, work product immunity doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery.  Any disclosure of privileged information by Google in response to the Subpoena shall not be deemed a waiver of any such privilege, and Google expressly requests that any party that receives any such privileged information produced by Google immediately returns and does not make use of any produced privileged information.

10.      Google objects to the Subpoena to the extent it seeks confidential financial, proprietary, or trade secret information belonging to Google or a third party, or any other information subject to a confidentiality agreement, protective order, or legal duty of non-disclosure ("Confidential Information").  Google will only produce information it deems to be Confidential Information pursuant to a confidentiality agreement or protective order that it believes is suitable for the protection of that Confidential Information.  Even if an adequate protective order has been entered in the underlying action by the presiding court, Google will only provide Confidential Information to the extent Google can do so consistent with its legal, contractual, and other confidentiality obligations.  Google reserves the right to redact Confidential Information belonging to Google or third parties.

11.     Google objects to the Subpoena's definitions and instructions to the extent they purport to impose obligations on Google in excess of any applicable federal or state codes of civil procedure, rules of evidence, or any other applicable law.

12.     Google objects to the Subpoena to the extent it seeks documents or information that is not currently in the possession, custody, or control of Google.

13.     Google objects to the Subpoena to the extent it seeks information relating to the knowledge, recollections, or mental impressions of former employees who are no longer employed by Google, or any other information that is no longer in the possession, custody, or control of Google.

14.     Google objects to the Subpoena to the extent that it requires the production of more documents than is sufficient to show or identify the information sought by each request therein. Google objects to the purported requirement that Google produce "[a]ll Documents" and/or "[a]ll Communications" in response to certain requests on the grounds that this phrasing renders those requests overbroad, unduly burdensome, and not proportional to the needs of the case.

15.     Google reserves the right to assert additional objections, or to supplement its objections and responses as appropriate, particularly if any additional information regarding the Subpoena or the underlying claims at issue is provided.

## OBJECTIONS TO DEFINITIONS

16.     Google objects to Definition No. 6 of "Communication" on the grounds that it renders the Subpoena vague, ambiguous, overbroad, and unduly burdensome as it seeks information that is not relevant to any party's claims or defenses or proportional to the needs of this case, including to the extent it includes oral or other communications that are not within Google's possession, custody, or control.  Among other issues Google objects to the phrase "by signs, signals, or code" as overbroad and ambiguous, and the requirement to produce communications related to "face-to-face meetings" as such a request is overbroad and impossible to comply with as drafted.

17.     Google objects to Definition No. 7 of "Concerning" on the grounds that it renders the Subpoena vague, ambiguous, overbroad, and unduly burdensome as it seeks information that

is not relevant to any party's claims or defenses or proportional to the needs of this case. Google objects to the definitions to the extent they impose any obligations exceeding or differing from the requirements of the Federal Rules of Civil Procedure.

18.     Google objects to Definition No. 9 of "Document" and "Documents" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and renders the requests in the Subpoena vague, ambiguous, overbroad, unduly burdensome and not relevant to any party's claims or defenses or proportional to the needs of the case.  Google objects to the definitions to the extent they impose any obligations exceeding or differing from the requirements of the Federal Rules of Civil Procedure.  To the extent Google agrees to produce information, it will produce documents and other materials, including electronically stored information, in a manner consistent with the Federal Rules of Civil Procedure.

19.     Google objects to Definition No. 16 of "NFL Sunday Ticket" on the grounds that it renders the Subpoena vague, ambiguous, overbroad, and unduly burdensome. As defined, the term does not explain whether it is a package offered by DirecTV, which Google understands to be the subject of this litigation, or a different package of games, offered or contemplated by other parties.  Google also objects to this Definition to the extent it purports to seek documents from outside Google's possession, custody, or control or requires Google to produce documents or information that is protected by any privilege, including the attorney-client privilege, work product immunity doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery.

20.     Google objects to Definition No. 17 of "Person" on the grounds that it renders the Subpoena vague, ambiguous, overbroad, and unduly burdensome as it seeks information that is not relevant to any party's claims or defenses or proportional to the needs of this case.  Google also objects to this definition as it renders the subpoena so overbroad that it is impossible to respond to. Google also objects to this Definition to the extent it purports to seek documents from outside Google's possession, custody, or control or requires Google to produce documents or information that is protected by any privilege, including the attorney-client privilege, work product

immunity doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery.

21.     Google objects to Definition No. 21 of "You," "Your," or "Your Company," on the grounds that it renders the Subpoena vague, ambiguous, overbroad, and not relevant to any party's claims or defenses or proportional to the needs of the case.  Google further objects to the Definition No. 21 to the extent it seeks information not currently in the possession, custody, or control of Google. Google responds on behalf of itself (Google LLC) and YouTube, LLC.  Google does not respond on behalf of any other subsidiary or affiliate of Google or YouTube, or any other person or entity.  Google further objects to Definition No. 21 on the grounds that the definition includes Google's "attorneys" and requires Google to provide a legal conclusion or to produce documents or information that is protected by any privilege, including the attorney-client privilege, work product immunity doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery.

## **OBJECTIONS TO INSTRUCTIONS**

22.     Google objects to Instruction No. 3 on the grounds that it is burdensome and overbroad because it demands that Google collect and produce documents from parents, affiliates, subsidiaries, employees, directors, officers, or agents without limitation or regard for what documents are responsive and reasonably called for by the litigation.

23.     Google objects to Instruction No. 10 on the grounds that it is burdensome and demands that Google produce documents in a specific form at Google's expense. To the extent Google agrees to produce any documents, Google reserves its right to request Plaintiffs to pay for the cost of Google's production of these documents.

24.     Google further objects to Instruction 9 to the extent it requires Google to produce documents subject to a protective order that does not properly protect Google's confidential information.

25.     Google further objects to Instruction 10 to the extent it requires Google to produce documents in a form beyond what is called for by the Federal Rules of Civil Procedure.

## SPECIFIC RESPONSES AND OBJECTIONS

In addition to the foregoing General Responses and Objections, set forth below are Google's responses and further objections to the individual requests set forth in the Subpoena. Each General Response and Objection is incorporated into each of the responses to the individual document request.  Without waiving any of the foregoing General Responses and Objections, Google responds further as follows:

**REQUEST NO. 1:**

All Documents constituting, memorializing, or reflecting any Communications between or among You and any person affiliated with the NFL or any Club concerning NFL Sunday Ticket.

**RESPONSE TO REQUEST NO. 1:**

Google objects to the Subpoena on the grounds that it was improperly served without leave of court. Google understands that discovery in this matter was closed on August 5, 2022. Plaintiffs have not sought leave of Court to serve discovery on Google and YouTube after the discovery cut-off and as a result service of this Subpoena is improper and has no legal effect.

Google objects to this Request as overbroad, unduly burdensome and on the ground that it requires unreasonable effort and expense by a non-party that is disproportionate to the needs of the case, in part because this Request purports to require Google to produce "[a]ll Documents" and "all other Documents" without regard to their import or relevance over a relevant time period. Google also objects to the reliance on the overbroad terms "Communications" and "affiliated" as rendering this Request overbroad, unduly burdensome, and disproportionate to the needs of the case.

Google objects to this Request on the ground that it seeks information that is not relevant to any party's claims or defenses in the underlying litigation, particularly because Google understands this litigation to involve claims about DirecTV's Sunday Ticket agreement, not any agreement Google or YouTube may have with the NFL or the Clubs.

Google further objects on the grounds that this request covers communications with the NFL or the Clubs and therefore seeks documents or information that is in the possession, custody, or control of a party to the underlying action.

1    Google further objects to this request to the extent it seeks disclosure of confidential

2    financial or commercial information, proprietary information, trade secrets, research and

3    development, or any other competitively sensitive information.

4    Google further objects to the extent the request seeks information protected by any

5    privilege, including the attorney-client privilege, work product doctrine, or any other applicable

6    privilege, immunity, or restriction on discovery.

7    Google is willing to meet and confer about a properly narrowed request and Plaintiff's plan

8    to pay for the costs of any production of documents by Google.

9    **REQUEST NO. 2:**

10    All Documents constituting, memorializing, or reflecting any Communications between or

11    among You and any person affiliated with Amazon, Apple, CBS, Fox, Goldman Sachs, ESPN, NBC,

12    or Roku concerning NFL Sunday Ticket or the rights to distribute NFL telecasts.

13    **RESPONSE TO REQUEST NO. 2:**

14    Google objects to the Subpoena on the grounds that it was improperly served without leave

15    of court. Google understands that discovery in this matter was closed on August 5, 2022. Plaintiffs

16    have not sought leave of Court to serve discovery on Google after the discovery cut-off and as a

17    result service of this Subpoena is improper and has no legal effect.

18    Google objects to this Request as overbroad, unduly burdensome and on the ground that it

19    requires unreasonable effort and expense by a non-party that is disproportionate to the needs of

20    the case, in part because this Request purports to require Google to produce "[a]ll Documents" and

21    "all other Documents" without regard to their relevance.  Google also objects to the reliance on

22    the overbroad terms "Communications" and "affiliated" as rendering this Request overbroad,

23    unduly burdensome, and disproportionate to the needs of the case.

24    Google objects to this Request on the ground that it seeks information related to Google's

25    relationship with other non-parties to this litigation, which is not relevant to any party's claims or

26    defenses in the underlying litigation.

27    Google objects to this Request on the ground that it seeks information that is not relevant

28    to any party's claims or defenses in the underlying litigation.  Google understands this litigation

1  to involve claims about DirecTV's Sunday Ticket agreement, not any agreements Google or

2  YouTube may have with the NFL or the Clubs. There are no claims related to Google or YouTube,

3  nor are there claims related to Amazon, Apple, CBS, Fox, Goldman Sachs, ESPN, NBC, or Roku.

4  None of the information sought is relevant to any party's claims or defenses in the underlying

5  litigation.

6        Google further objects to this request to the extent it seeks disclosure of confidential

7  financial or commercial information, proprietary information, trade secrets, research and

8  development, or any other competitively sensitive information.

9        Google further objects to the extent the request seeks information protected by any

10  privilege, including the attorney-client privilege, work product doctrine, or any other applicable

11  privilege, immunity, or restriction on discovery.

12        Google further objects that this request is impermissibly vague and overbroad because it

13  purports to seek documents related not just to the DirectV agreement at issue, but the rights to

14  any NFL telecasts.

15        Google is willing to meet and confer about a properly narrowed request and Plaintiffs' plan

16  to pay for the costs of any production of documents by Google.

17  **REQUEST NO. 3:**

18        All Documents constituting, memorializing, or reflecting the actual or proposed terms of

19  the December 21, 2022 Agreement between You and the NFL concerning NFL Sunday Ticket.

20  **RESPONSE TO REQUEST NO. 3:**

21        Google objects to the Subpoena on the grounds that it was improperly served without leave

22  of court. Google understands that discovery in this matter was closed on August 5, 2022. Plaintiffs

23  have not sought leave of Court to serve discovery on Google and YouTube after the discovery cut-

24  off and as a result service of this Subpoena is improper and has no legal effect.

25        Google objects to this Request as overbroad, unduly burdensome and on the ground that it

26  requires unreasonable effort and expense by a non-party that is disproportionate to the needs of

27  the case, in part because this Request purports to require Google to produce "[a]ll Documents" and

28  "all other Documents" without regard to their relevance.

1    Google objects to this Request on the ground that it seeks information that is not relevant

2    to any party's claims or defenses in the underlying litigation. Google understands this litigation to

3    involve claims about DirecTV's Sunday Ticket agreement, not any agreements Google or

4    YouTube may have with the NFL or the Clubs.

5    Google further objects on the grounds that this request seeks information constituting,

6    memorializing, or reflecting the terms of an agreement to which the NFL is a signatory. This

7    request therefore seeks information that is in the possession, custody, or control of a party to the

8    underlying action.

9    Google further objects to this request to the extent it seeks disclosure of confidential

10    financial or commercial information, proprietary information, trade secrets, research and

11    development, or any other competitively sensitive information.

12    Google further objects to the extent the request seeks information protected by any

13    privilege, including the attorney-client privilege, work product doctrine, or any other applicable

14    privilege, immunity, or restriction on discovery.

15    Google is willing to meet and confer about a properly narrowed request and Plaintiff's plan

16    to pay for the costs of any production of documents by Google.

17   **REQUEST NO. 4:**

18    All Documents reflecting or concerning any initiatives, discussions, or proposals to create

19    a direct-to-consumer sports offering involving the NFL, including but not limited to the initiative

20    referred to as "Project Hoya."

21   **RESPONSE TO REQUEST NO. 4:**

22    Google objects to the Subpoena on the grounds that it was improperly served without leave

23    of court. Google understands that discovery in this matter was closed on August 5, 2022. Plaintiffs

24    have not sought leave of Court to serve discovery on Google and YouTube after the discovery cut-

25    off and as a result service of this Subpoena is improper and has no legal effect.

26    Google objects to this Request as overbroad, unduly burdensome and on the ground that it

27    requires unreasonable effort and expense by a non-party that is disproportionate to the needs of

28    the case, in part because this Request purports to require Google to produce "[a]ll Documents" and

"all other Documents" without regard to their relevance.  Google also objects to the reliance on the overbroad and vague terms "concerning," "initiatives," "discussions," "proposals," "direct-to-consumer," and "sports offering" as rendering this Request overbroad, unduly burdensome, and disproportionate to the needs of the case.

Google also objects to the undefined term "Project Hoya" as rendering this Request overbroad, vague, and ambiguous.

Google objects to this Request on the ground that it seeks information that is not relevant to any party's claims or defenses in the underlying litigation.

Google further objects on the grounds that this request seeks communications between Google and the NFL or the Clubs and therefore seeks documents or information that is in the possession, custody, or control of a party to the underlying action.

Google objects to this Request on the ground that it seeks information related to Google's relationship with other non-parties to this litigation, which is not relevant to any party's claims or defenses in the underlying litigation.

Google further objects to this request to the extent it seeks disclosure of confidential financial or commercial information, proprietary information, trade secrets, research and development, or any other competitively sensitive information.

Google further objects to the extent the request seeks information protected by any privilege, including the attorney-client privilege, work product doctrine, or any other applicable privilege, immunity, or restriction on discovery.

Google is willing to meet and confer about a properly narrowed request and Plaintiff's plan to pay for the costs of any production of documents by Google.

**REQUEST NO. 5:**

All Documents reflecting or concerning the actual or proposed package characteristics of NFL Sunday Ticket.

**RESPONSE TO REQUEST NO. 5:**

Google objects to the Subpoena on the grounds that it was improperly served without leave of court. Google understands that discovery in this matter was closed on August 5, 2022. Plaintiffs

1   have not sought leave of Court to serve discovery on Google and YouTube after the discovery cut-

2   off and as a result service of this Subpoena is improper and has no legal effect.Google objects to

3   this Request as overbroad, unduly burdensome and on the ground that it requires unreasonable

4   effort and expense by a non-party that is disproportionate to the needs of the case, in part because

5   this Request purports to require Google to produce "[a]ll Documents" and "all other Documents"

6   without regard to their relevance.  Google also objects to the reliance on the overbroad term

7   "reflecting," "concerning," "actual," "proposed," "package," and "characteristics" as rendering

8   this Request overbroad, unduly burdensome, and disproportionate to the needs of the case.

9       Google objects to this request as impermissibly vague and overbroad as it is not clear what

10  "NFL Sunday Ticket" means, and whether this request seeks information related to the package

11  offered by DirecTV, which Google understands to be the subject of this litigation, or a different

12  package of games, offered or contemplated by other parties.

13      Google objects to this Request on the ground that it seeks information that is not relevant

14  to any party's claims or defenses in the underlying litigation.  Google understands this litigation

15  to involve claims about DirecTV's Sunday Ticket agreement, not any agreement Google or

16  YouTube may have with the NFL or the Clubs.

17      Google further objects on the grounds that this request covers communications between

18  Google and the NFL or the Clubs and therefore seeks documents or information that is in the

19  possession, custody, or control of a party to the underlying action.

20      Google further objects to this request to the extent it seeks disclosure of confidential

21  financial or commercial information, proprietary information, trade secrets, research and

22  development, or any other competitively sensitive information.

23      Google further objects to the extent the request seeks information protected by any

24  privilege, including the attorney-client privilege, work product doctrine, or any other applicable

25  privilege, immunity, or restriction on discovery.

26      Google is willing to meet and confer about a properly narrowed request and Plaintiff's plan

27  to pay for the costs of any production of documents by Google.

28

**REQUEST NO. 6:**

All Documents reflecting or concerning the actual, estimated, or projected number of commercial or residential subscribers to NFL Sunday Ticket.

**RESPONSE TO REQUEST NO. 6:**

Google objects to the Subpoena on the grounds that it was improperly served without leave of court. Google understands that discovery in this matter was closed on August 5, 2022. Plaintiffs have not sought leave of Court to serve discovery on Google and YouTube after the discovery cut-off and as a result service of this Subpoena is improper and has no legal effect. Google objects to this Request as overbroad, unduly burdensome and on the ground that it requires unreasonable effort and expense by a non-party that is disproportionate to the needs of the case, in part because this Request purports to require Google to produce "[a]ll Documents" and "all other Documents" without regard to their relevance. Google also objects to the reliance on the overbroad term "reflecting," "concerning," "actual," "estimated," and "projected" as rendering this Request overbroad, unduly burdensome, and disproportionate to the needs of the case.

Google objects to this Request on the ground that it seeks information that is not relevant to any party's claims or defenses in the underlying litigation. Google understands this litigation to involve claims about DirecTV's Sunday Ticket agreement, not any agreements Google or YouTube may have with the NFL or the Clubs.

Google objects to this request as impermissibly vague and overbroad as it is not clear what "NFL Sunday Ticket" means, and whether this request seeks information related to the package offered by DirecTV, which Google understands to be the subject of this litigation, or a different package of games, offered or contemplated by other parties.

Google further objects on the grounds that this request covers communications between Google and the NFL or the Clubs and therefore seeks documents or information that is in the possession, custody, or control of a party to the underlying action.

Google further objects to this request to the extent it seeks disclosure of confidential financial or commercial information, proprietary information, trade secrets, research and development, or any other competitively sensitive information.

Google further objects to the extent the request seeks information protected by any privilege, including the attorney-client privilege, work product doctrine, or any other applicable privilege, immunity, or restriction on discovery.

Google is willing to meet and confer about a properly narrowed request and Plaintiffs' plan to pay for the costs of any production of documents by Google.

**REQUEST NO. 7:**

All Documents reflecting or concerning the retail price of NFL Sunday Ticket for commercial or residential subscribers.

**RESPONSE TO REQUEST NO. 7:**

Google objects to the Subpoena on the grounds that it was improperly served without leave of court. Google understands that discovery in this matter was closed on August 5, 2022. Plaintiffs have not sought leave of Court to serve discovery on Google and YouTube after the discovery cut-off and as a result service of this Subpoena is improper and has no legal effect.

Google objects to this Request as overbroad, unduly burdensome and on the ground that it requires unreasonable effort and expense by a non-party that is disproportionate to the needs of the case, in part because this Request purports to require Google to produce "[a]ll Documents" and "all other Documents" without regard to their relevance. Google also objects to the reliance on the overbroad term "reflecting," "concerning," and "retail" as rendering this Request overbroad, unduly burdensome, and disproportionate to the needs of the case.

Google objects to this Request on the ground that it seeks information that is not relevant to any party's claims or defenses in the underlying litigation. Google understands this litigation to involve claims about DirecTV's Sunday Ticket agreement, not any agreements Google or YouTube may have with the NFL or the Clubs.

Google further objects on the grounds that this request covers communications between Google and the NFL or the Clubs and therefore seeks documents or information that is in the possession, custody, or control of a party to the underlying action.

Google objects to this request as impermissibly vague and overbroad as it is not clear what "NFL Sunday Ticket" means, and whether this request seeks information related to the package

offered by DirecTV, which Google understands to be the subject of this litigation, or a different package of games, offered or contemplated by other parties.

Google further objects to this request to the extent it seeks disclosure of confidential financial or commercial information, proprietary information, trade secrets, research and development, or any other competitively sensitive information.

Google further objects to the extent the request seeks information protected by any privilege, including the attorney-client privilege, work product doctrine, or any other applicable privilege, immunity, or restriction on discovery.

Google is willing to meet and confer about a properly narrowed request and Plaintiff's plan to pay for the costs of any production of documents by Google.

**REQUEST NO. 8:**

All Documents reflecting or concerning agreements between the NFL and any other broadcaster of NFL football games (including but not limited to CBS and Fox).

**RESPONSE TO REQUEST NO. 8:**

Google objects to the Subpoena on the grounds that it was improperly served without leave of court. Google understands that discovery in this matter was closed on August 5, 2022. Plaintiffs have not sought leave of Court to serve discovery on Google and YouTube after the discovery cut-off and as a result service of this Subpoena is improper and has no legal effect.

Google objects to this Request as overbroad, unduly burdensome and on the ground that it requires unreasonable effort and expense by a non-party that is disproportionate to the needs of the case, in part because this Request purports to require Google to produce "[a]ll Documents" and "all other Documents" without regard to their import or relevance over a relevant time period. Google also objects to the reliance on the overbroad term "reflecting," "concerning," and "broadcaster" as rendering this Request overbroad, unduly burdensome, and disproportionate to the needs of the case.

Google objects to this Request on the ground that it seeks information related to Google's relationship with other non-parties to this litigation, which is not relevant to any party's claims or defenses in the underlying litigation.

1     Google objects to this Request on the ground that it seeks information that is not relevant

2  to any party's claims or defenses in the underlying litigation. Google's views of the agreement

3  between the NFL and broadcasters, to which Google is not a party, is not relevant to any party's

4  claims or defenses.

5     Google further objects on the grounds that this request covers communications between

6  Google and the NFL or the Clubs and therefore seeks documents or information that is in the

7  possession, custody, or control of a party to the underlying action.

8     Google further objects to this request to the extent it seeks disclosure of confidential

9  financial or commercial information, proprietary information, trade secrets, research and

10  development, or any other competitively sensitive information.

11     Google further objects to the extent the request seeks information protected by any

12  privilege, including the attorney-client privilege, work product doctrine, or any other applicable

13  privilege, immunity, or restriction on discovery.

14     Google declines to produce any documents responsive to this request.

15  **REQUEST NO. 9:**

16     All Documents constituting, reflecting, or concerning reports and studies prepared by or

17  for You, or received by You, regarding the following subject matters:

18          a.   NFL Sunday Ticket, and the proposed creation of any similar package for

19               televising and/or streaming out-of-market NFL games;

20          b.   The estimated or actual economic value of NFL Sunday Ticket;

21          c.   The estimated or actual economic value of being an exclusive or non-

22               exclusive distributor for any or all out-of-market NFL football games.

23  **RESPONSE TO REQUEST NO. 9:**

24     Google objects to the Subpoena on the grounds that it was improperly served without leave

25  of court. Google understands that discovery in this matter was closed on August 5, 2022. Plaintiffs

26  have not sought leave of Court to serve discovery on Google and YouTube after the discovery cut-

27  off and as a result service of this Subpoena is improper and has no legal effect.

28

1    Google objects to this Request as overbroad, unduly burdensome and on the ground that it

2  requires unreasonable effort and expense by a non-party that is disproportionate to the needs of

3  the case, in part because this Request purports to require Google to produce "[a]ll Documents" and

4  "all other Documents" without regard to their relevance.  Google also objects to the reliance on

5  the overbroad term "constituting," "reflecting," "concerning," "studies," "prepared," "received,"

6  "regarding," "proposed creation," "economic value," "exclusive" "non-exclusive," and "out-of-

7  market" as rendering this Request overbroad, unduly burdensome, and disproportionate to the

8  needs of the case.

9    Google objects to this Request as it improperly uses subparts and is actually multiple

10  requests for production.

11    Google objects to this Request to the extent that it seeks information related to Google's

12  relationship with other non-parties to this litigation, which is not relevant to any party's claims or

13  defenses in the underlying litigation.

14    Google objects to this request as impermissibly vague and overbroad as it is not clear what

15  "NFL Sunday Ticket" means, and whether this request seeks information related to the package

16  offered by DirecTV, which Google understands to be the subject of this litigation, or a different

17  package of games, offered or contemplated by other parties.

18    Google objects to this Request on the ground that it seeks information that is not relevant

19  to any party's claims or defenses in the underlying litigation.  Google understands this litigation

20  to involve claims about DirecTV's Sunday Ticket agreement, not any agreements Google or

21  YouTube may have with the NFL or the Clubs.  This request requires Google to act as an

22  uncompensated expert, which Google declines to do.

23    Google further objects on the grounds that this request covers communications between

24  Google and the NFL or the Clubs and therefore seeks documents or information that is in the

25  possession, custody, or control of a party to the underlying action.

26    Google further objects to this request to the extent it seeks disclosure of confidential

27  financial or commercial information, proprietary information, trade secrets, research and

28  development, or any other competitively sensitive information.

1    Google further objects to the extent the request seeks information protected by any

2  privilege, including the attorney-client privilege, work product doctrine, or any other applicable

3  privilege, immunity, or restriction on discovery.

4    Google is willing to meet and confer about a properly narrowed request and Plaintiff's plan

5  to pay for the costs of any production of documents by Google.

6  **REQUEST NO. 10:**

7    All documents constituting or reflecting any communications, reports, or analyses

8  concerning compliance with the antitrust or competition laws of any State, the United States, and

9  any foreign country, concerning arrangements for telecasting NFL football games, including any

10  analysis of whether the exclusivity terms of NFL Sunday Ticket may violate the Sherman Act, and

11  any requests for indemnification that encompass or relate to claims brought under the antitrust or

12  competition laws.

13  **RESPONSE TO REQUEST NO. 10:**

14    Google objects to the Subpoena on the grounds that it was improperly served without leave

15  of court. Google understands that discovery in this matter was closed on August 5, 2022. Plaintiffs

16  have not sought leave of Court to serve discovery on Google and YouTube after the discovery cut-

17  off and as a result service of this Subpoena is improper and has no legal effect.

18    Google objects to this Request as overbroad, unduly burdensome and on the ground that it

19  requires unreasonable effort and expense by a non-party that is disproportionate to the needs of

20  the case, in part because this Request purports to require Google to produce "[a]ll Documents" and

21  "all other Documents" without regard to their import or relevance over a relevant time period.

22  Google also objects to the reliance on the overbroad term "constituting," "reflecting,"

23  "communications," "reports," "analyses," "compliance," "antitrust," "competition," "exclusivity,"

24  "indemnification" "encompass," and "relate to" as rendering this Request overbroad, unduly

25  burdensome, and disproportionate to the needs of the case.

26    Google objects to this Request to the extent that it seeks information related to Google's

27  relationship with other non-parties to this litigation, which is not relevant to any party's claims or

28  defenses in the underlying litigation.

Google objects to this Request on the ground that it seeks information that is not relevant to any party's claims or defenses in the underlying litigation.  Google understands this litigation to involve claims about DirecTV's Sunday Ticket agreement, not any agreements Google or YouTube may have with the NFL or the Clubs.

Google objects to this Request on the ground that it seeks information that is not relevant to any party's claims or defenses in the underlying litigation.

Google further objects on the grounds that this request covers communications between Google and the NFL or the Clubs and therefore seeks documents or information that is in the possession, custody, or control of a party to the underlying action.

Google further objects to this request to the extent it seeks disclosure of confidential financial or commercial information, proprietary information, trade secrets, research and development, or any other competitively sensitive information.

Google further objects to the extent the request seeks information protected by any privilege, including the attorney-client privilege, work product doctrine, or any other applicable privilege, immunity, or restriction on discovery.

Google declines to produce any documents responsive to this request.

**REQUEST NO. 11:**

All Documents reflecting or concerning the litigation captioned *In re. NFL Sunday Ticket Antitrust Litigation*, 15-ml-02668-PSG (JEMx).

**RESPONSE TO REQUEST NO. 11:**

Google objects to the Subpoena on the grounds that it was improperly served without leave of court. Google understands that discovery in this matter was closed on August 5, 2022. Plaintiffs have not sought leave of Court to serve discovery on Google and YouTube after the discovery cut-off and as a result service of this Subpoena is improper and has no legal effect.

Google objects to this Request as overbroad, unduly burdensome and on the ground that it requires unreasonable effort and expense by a non-party that is disproportionate to the needs of the case, in part because this Request purports to require Google to produce "[a]ll Documents" and "all other Documents" without regard to their import or relevance over a relevant time period.

1   Google also objects to the reliance on the overbroad term "reflecting" and "concerning" as
2   rendering this Request overbroad, unduly burdensome, and disproportionate to the needs of the
3   case.

4           Google objects to this Request on the ground that it seeks information that is not relevant
5   to any party's claims or defenses in the underlying litigation.

6           Google further objects on the grounds that this request covers communications between
7   Google and the NFL or the Clubs and therefore seeks documents or information that is in the
8   possession, custody, or control of a party to the underlying action.

9           Google further objects to this request to the extent it seeks disclosure of confidential
10  financial or commercial information, proprietary information, trade secrets, research and
11  development, or any other competitively sensitive information.

12          Google further objects to the extent the request seeks information protected by any
13  privilege, including the attorney-client privilege, work product doctrine, or any other applicable
14  privilege, immunity, or restriction on discovery.

15          Google declines to produce any documents responsive to this request.

16  Dated:  April 13, 2023                         WILSON SONSINI GOODRICH & ROSATI
                                                    Professional Corporation
17
                                                    By: */s/ Amit Q. Gressel*
18                                                      Brad H. Tennis
                                                        Amit Q. Gressel
19
                                                    *Attorneys for Non-Party*
20                                                  GOOGLE LLC

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**
*In re: National Football League's Sunday Ticket Antitrust Litigation*
**E.D. Cal. Case No. 2:15-ml-02668-PSG (JEMx)**

I, Regina C. Glynn, declare:

I am employed in San Francisco County, State of California. I am over the age of 18 years and not a party to the within action. My business address is 1 Market Plaza, Spear Tower, Suite 3300, San Francisco, California 94105. My email address is: rglynn@wsgr.com.

On this date, served the following document:

**NON-PARTY GOOGLE LLC'S OBJECTIONS AND RESPONSES TO SUBPOENA FOR PRODUCTION OF DOCUMENTS**

☒      By electronic transmission on this date to the below-listed parties:

| | |
|---|---|
| Marc M. Seltzer<br>mseltzer@susmangodfrey.com<br>SUSMAN GODFREY L.L.P.<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Tel: (310) 789-3100<br>Fax: (310) 789-3150 | Scott Martin<br>smartin@hausfeld.com<br>HAUSFELD LLP<br>33 Whitehall Street, 14th Fl.<br>New York, NY 10004<br>Tel: (646) 357-1100<br>Fax: (212) 202-4322 |
| William C. Carmody<br>bcarmody@susmangodfrey.com<br>Seth Ard<br>sard@susmangodfrey.com<br>Tyler Finn (*Pro Hac Vice*)<br>tfinn@susmangodfrey.com<br>SUSMAN GODFREY L.L.P<br>1301 Avenue of the Americas, 32nd Fl.<br>New York, NY 10019<br>Tel: (212) 336-8330<br>Fax: (212) 336-8340<br><br>Ian M. Gore<br>igore@susmangodfrey.com<br>SUSMAN GODFREY L.L.P.<br>401 Union Street, Suite 3000<br>Seattle, WA 98101<br>Tel: (206) 516-3880<br>Fax: (206) 516-3883 | Samuel Maida<br>smaida@hausfeld.com<br>Christopher L. Lebsock<br>clebsock@hausfeld.com<br>HAUSFELD LLP<br>600 Montgomery St., Ste 3200<br>San Francisco, CA 94111<br>Tel: (415) 633-1908<br>Fax: (415) 633-4980<br><br>Sathya S. Gosselin<br>sgosselin@hausfeld.com<br>Farhad Mirzadeh<br>fmirzadeh@hausfeld.com<br>HAUSFELD LLP<br>888 16th Street, N.W., Suite 300<br>Washington, DC 20006<br>Tel: (202) 540-7200<br>Fax: (202) 540-7201 |

| | |
|---|---|
| Armstead Lewis<br>alewis@susmangodfrey.com<br>SUSMAN GODFREY L.L.P.<br>1000 Louisiana, Suite 5100<br>Houston, TX 77002<br>Tel: (713) 651-9366<br>Fax: (713) 654-6666 | Howard Langer<br>hlanger@langergrogan.com<br>Edward Diver<br>ndiver@langergrogan.com<br>Peter Leckman<br>pleckman@langergrogan.com<br>Kevin Trainer ktrainer@langergrogan.com<br>LANGER GROGAN AND DIVER PC<br>1717 Arch Street, Suite 4020<br>Philadelphia, PA 19103<br>Tel: (215) 320-5660<br>Fax: (215) 320-5703 |
| Attorneys for Plaintiff | |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Alameda, California on April 13, 2023.

Regina C. Glynn