REDACTED VERSION OF DOCUMENT FILED UNDER SEAL

BRADLEY T. TENNIS, SBN 281206
**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
1700 K Street NW
Washington, DC 20006
Telephone: (202) 973-8800
Facsimile: (202) 973-8899
Email: btennis@wsgr.com

AMIT Q. GRESSEL, SBN 307663
**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099
Email: agressel@wsgr.com

*Counsel for Google LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION | Case No. 5:23-mc-80213-NC<br><br>MDL Case No. 2:15-ml-02668-PSG (JEMx); pending in C.D. Cal. |
| This Document Relates to:<br><br>*Ninth Inning Inc. dba The Mucky Duck et al. v. Google LLC*, Case No. 5:23-mc-80213-NC | **NON-PARTY GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>Judge:        Hon. Nathanael M. Cousins<br>Courtroom: 5, 4th Floor<br>Date:          September 13, 2023<br>Time:          11:00 AM |

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................................................1

II.   FACTUAL BACKGROUND........................................................................................2

III.  LEGAL STANDARD..................................................................................................4

IV.  PLAINTIFFS' MOTION TO COMPEL SHOULD BE DENIED ...........................5

    A.    The Discovery Plaintiffs' Demand is Unjustified in Light of the Extensive Discovery Already Produced on the Topic ...........................................5

    B.    The Burden Imposed By Plaintiffs' Requests Far Exceed the Bounds of Reasonable Discovery on a Third Party ...................................................7

    C.    Plaintiffs Have Failed to Show a Substantial Need for YouTube's Confidential Commercial Information...............................................8

V.   PLAINTIFFS' ALTERNATE REQUEST FOR TRANSFER TO THE CENTRAL DISTRICT OF CALIFORNIA SHOULD BE DENIED ........................9

VI.  CONCLUSION..........................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*3B Med., Inc. v. Resmed Corp.*,
    2016 WL 6818953 (S.D. Cal. Oct.11, 2016) ........................................................ 11

*Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*,
    300 F.R.D. 406 (C.D. Cal. 2014) ...................................................................... 4

*Duong v. Groundhog Enterprises, Inc.*,
    2020 WL 2041939 (C.D. Cal. Feb. 28, 2020) .................................................. 8

*Edwards v. California Dairies, Inc.*,
    2014 WL 2465934 (E.D. Cal. June 2, 2014) ..................................................... 9

*Gonzales v. Google, Inc.*,
    234 F.R.D. 674 (N.D. Cal. 2006) ................................................................. 4, 8

*GreenCycle Paint, Inc. v. PaintCare, Inc.*,
    2018 WL 1399865 (N.D. Cal. Mar. 19, 2018) ................................................. 8

*Hausauer v. Trustedsec, LLC*,
    2020 WL 6826368 (N.D. Oh. Nov. 20, 2020) ................................................ 10

*In re All. Healthcare Partners, LLC*,
    2022 WL 16527952 (D. Ariz. Oct. 28, 2022) ................................................ 11

*In re Packaged Seafood Products Antitrust Litig.*,
    2018 WL 454440 (S.D. Cal. Jan. 17, 2018) ................................................... 10

*In re Welding Rod Prod. Liab. Litig.*.
    406 F. Supp. 2d 1064 (N.D. Cal. 2005) ........................................................ 11

*In re: National Football League's "Sunday Ticket" Antitrust Litigation*,
    Case No. 22-mc-80140, ECF No. 29 (Aug. 25, 2022) ................................... 10

*In re: National Football League's "Sunday Ticket" Antitrust Litigation*,
    Case No. 22-mc-80140, ECF No. 1 (May 31, 2022) ..................................... 10

*Intermarine, LLC v. Spliethoff Bevrachtingskantoor, B.V.*,
    123 F. Supp. 3d 1215 (N.D. Cal. 2015) ......................................................... 4

*LegalZoom.com v. Rocket Law. Inc.*,
    2015 WL 12832823 (N.D. Cal. Mar. 23, 2015) (Cousins, J.)........................ 5, 8

*Mannington Mills, Inc. v. Armstrong World Indus., Inc.*,
    206 F.R.D. 525 (D. Del. 2002) ....................................................................... 9

ii

*Moon v. SCP Pool Corp.*,
    232 F.R.D. 633 (C.D. Cal. 2005) ............................................................................ 4

*Personalised Media COMMC'ns, LLC v. Top Victory Elecs. (Taiwan) Co.*,
    2016 WL 8542561 (N.D. Cal. Aug. 3, 2016) ........................................................ 9

*Realtime Data, LLC v. MetroPCS Texas, LLC*,
    2012 WL 1905080 (S.D. Cal. May 25, 2012) ........................................................ 9

*Shinedling v. Sunbeam Prods.*,
    2013 U.S. Dist. LEXIS 198749 (C.D. Cal. July 26, 2013) .................................... 7

*SPS Techs., LLC v. Briles Aerospace, Inc.*,
    2019 WL 13108018 (C.D. Cal. June 24, 2019) .................................................... 9

*VISX, Inc. v. Nidek Co.*,
    208 F.R.D. 615 (N.D. Cal. 2002) .......................................................................... 10

*Woods ex del. U.S. v. Southern Care, Inc.*,
    303 F.R.D. 405 (N.D. Ala 2014) ............................................................................ 9

**RULES**

Fed. R. Civ. P. 26(b)(2)(C)(i) ................................................................................ 4

Fed. R. Civ. P. 45(d)(3)(A) .................................................................................... 4

Fed. R. Civ. P. 45(d)(3)(B) .................................................................................... 4

Fed. R. Civ. P. 45(f) .............................................................................................. 5

Fed. R. Civ. P. 45, Advisory Comm. Notes (2013 Amendments) ............................ 5, 9, 10

NON-PARTY GOOGLE'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL
Case No. 5:23-mc-80213-NC

# I.   INTRODUCTION

Plaintiffs sued the NFL and DirecTV in 2015 alleging anticompetitive behavior in crafting and selling the "Sunday Ticket" package. Seven years later, in August 2022, Plaintiffs obtained permission to seek limited discovery from the NFL and Apple related to a successor agreement that the NFL was then negotiating with various parties to replace DirecTV. Ultimately the NFL and YouTube reached an agreement on Sunday Ticket in December 2022. Plaintiffs obtained extensive document discovery and took depositions on this new deal from the NFL, the defendant in Plaintiffs' case. Plaintiffs then subpoenaed Google, YouTube's parent, in March 2023. Though Google disputed the relevance of documents that were exclusively in its possession, it produced several of its internal analyses of the Sunday Ticket deal.

But Plaintiffs demand more. They conjure the specter of the NFL proposing or imposing extra-contractual restrictions on YouTube in the new deal, though they cite no trace of this in the reams of evidence received from the NFL or the internal YouTube presentations already produced. Plaintiffs refuse to tell non-party Google what specific extra-contractual restrictions they imagine exist, much less explain why or how they might bear on the analysis of the wholly separate deal the NFL long ago negotiated with a different party that is the subject of their case.

Having failed to offer this basic foundation (a failure that persists in their motion), Plaintiffs demand that non-party Google undertake custodial document searches from six extremely senior YouTube employees and turn over still more confidential and commercially sensitive information. Google understands that no other third party has agreed to or been required to perform any custodial document searches. Google also understands that the NFL, a defendant in this case, was required to search only three custodians' files for material related to the new Sunday Ticket deal with YouTube. Plaintiffs' demands for these custodial documents from non-party Google clearly present a disproportionate and unreasonable burden.

Plaintiffs are apparently disappointed that they have drilled a dry hole, but they should not be permitted to keep digging at Google's expense. Plaintiffs' motion to compel as well as its alternative motion for transfer should be denied.

## II.    FACTUAL BACKGROUND

In 2015, Plaintiffs brought an antitrust case against the NFL, its 32 member clubs, and DirecTV alleging anticompetitive behavior related to the "Sunday Ticket" TV package. In December 2015, that case was centralized by the Judicial Panel on Multidistrict Litigation in the Central District of California as *In re National Football League's "Sunday Ticket" Antitrust Litigation*, Case No. 2:15-ml-02668-PSG-JEM (the "MDL"). MDL ECF No. 1. In 2022, as fact discovery was drawing to a close in the MDL, Plaintiffs sought and received permission from the MDL court to conduct limited additional discovery from the NFL and Apple related to the NFL's then-ongoing negotiations with bidders for the future rights to Sunday Ticket. MDL ECF No. 607 at 4. Plaintiffs did not seek, and did not receive, authorization to seek discovery from YouTube at that time, even though negotiations between YouTube and the NFL for Sunday Ticket had already been publicly reported.

Plaintiffs received extensive discovery from the NFL regarding its Sunday Ticket negotiations with YouTube and other bidders. From a first round of productions, Plaintiffs received 667 documents from three NFL custodians that included: (i) the agreement between the NFL and YouTube itself; (ii) proposal(s) from YouTube regarding the rights to Sunday Ticket package; (iii) discussions both within the NFL and with third parties about the potential of NFL distributing the Sunday Ticket package itself; (iv) communications between NFL employees and YouTube regarding the rights to the NFL Sunday Ticket package; (v) the NFL's internal discussions regarding the above proposals; and (vi) analyses conducted by the NFL and third parties regarding the future rights to the NFL Sunday Ticket package. MDL ECF No. 924 at 6.

Unsatisfied, Plaintiffs sought more from the NFL and were permitted limited additional discovery. The NFL conducted another round of document production related to the Sunday Ticket negotiations using expanded search terms drafted by Plaintiffs, which included terms relating to Google and YouTube specifically. MDL ECF Nos. 924 at 7 (noting Plaintiffs will suggest search terms based on the names of the bidders, including Google and YouTube, to supplement previously agreed-upon terms); 937 at 1 (noting Defendants would use Plaintiffs' search term proposal).

Still unsatisfied, Plaintiffs issued a document subpoena to non-party Google, YouTube's parent organization, on March 30, 2023. ECF No. 1-2. The subpoena included eleven expansive "all documents" requests, seeking a broad swath of YouTube's confidential and commercially sensitive information related to the Sunday Ticket agreement. *Id.* Google met and conferred repeatedly with Plaintiffs' counsel, who represented that they were focused on understanding how YouTube implemented the Sunday Ticket deal. Declaration of Bradley T. Tennis ("Tennis Decl.") ¶¶ 4-5. Based on these representations, YouTube conducted a reasonable search for documents that reflected internal decisions related to the Sunday Ticket deal and YouTube's Sunday Ticket offerings. *Id.* at ¶ 6. Specifically, this search included identifying relevant YouTube employees and asking them to locate documents potentially responsive to Plaintiffs' requests as discussed in the meet and confer efforts. *Id.* YouTube produced 100 pages of internal analyses—in advance of the summary judgment deadline in the MDL as requested by Plaintiffs—related to its negotiations with the NFL of the Sunday Ticket agreement and the implementation of YouTube's Sunday Ticket service. *Id.* at ¶ 7.

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███

However, in later meet and confers, which took place after the deadline for summary judgment motions in the MDL had passed, Plaintiffs advanced a new theory (and now argue in their Motion) that they believe there may have been anticompetitive "restrictions that the NFL place[d] on Sunday Ticket that are not expressly reflected in the YouTube agreement," Mot. at 2, that were only expressed orally and *might* be captured in YouTube's internal email. *Id.* at 10; Tennis Decl. ¶ 8. Yet when Google asked for details so that it could narrow its search for any such documents, Plaintiffs were unable to identify any specifics about *what* limitations those were, *when* they think they were expressed, or *by whom*. *Id.* at ¶ 9. Nor could Plaintiffs explain why there would be no mention of these mysterious restrictions in the NFL's own documents or deposition testimony.

Based on this freshly-minted theory, Plaintiffs demanded that Google conduct a custodial search of any YouTube employee they contend were involved in the Sunday Ticket negotiations.

1  They identified six employees including YouTube's former CEO and her replacement. *Id.* at ¶ 10.

2  The parties held their last meet and confer on August 10, 2023 but were unable to reach an agreement.

3  Plaintiffs filed this motion on August 21, 2023. *Id.* at ¶ 11.

4  **III.    LEGAL STANDARD**

5        Federal Rules of Civil Procedure 26 and 45 work in tandem to protect non-parties from

6  unduly burdensome discovery requests. *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 683 (N.D. Cal.

7  2006). Rule 26 provides that the court must limit discovery that is "unreasonably cumulative or

8  duplicative, or can be obtained from some other source that is more convenient, less burdensome, or

9  less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Rule 45 requires "[a] party or attorney responsible

10 for issuing and serving a subpoena [to] take reasonable steps to avoid imposing undue burden or

11 expense on a person subject to the subpoena" and instructs that "the court for the district where

12 compliance is required must quash or modify a subpoena that . . . subjects a person to undue burden."

13 Fed. R. Civ. P. 45(d)(3)(A).

14       The test for undue burden balances "the burden to the subpoenaed party against the value of

15 the information to the serving party . . . ." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal.

16 2005). "Concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight

17 in evaluating the balance of competing needs in a Rule 45 inquiry." *Amini Innovation Corp. v.*

18 *McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 409 (C.D. Cal. 2014) (internal quotations and

19 citations omitted); *see also Intermarine, LLC v. Spliethoff Bevrachtingskantoor, B.V.*, 123 F. Supp.

20 3d 1215, 1218-19 (N.D. Cal. 2015) ("the Ninth Circuit has long held that nonparties subject to

21 discovery requests deserve extra protection from the courts") (citations omitted).

22       Rule 45(d)(3)(B) provides additional protections where a subpoena seeks confidential

23 commercial information from a non-party. If a non-party shows that the requested information is

24 confidential commercial information, the burden shifts to the requesting party to show a "substantial

25 need for the testimony or material that cannot be otherwise met without undue hardship and assures

26 that the person to whom the subpoena is addressed will be reasonably compensated." *Gonzales*, 234

27 F.R.D. at 684 (citing Fed. R. Civ. P. 45(d)(3)(B)).

28

1       Under Rule 45, subpoena-related motions are to be addressed by the court where compliance

2 with the subpoena is required pursuant to Rule 45(c). Fed. R. Civ. P. 45(f). A court may transfer a

3 subpoena-related motion to the court where the action is pending only if (1) the subpoenaed party

4 consents, or (2) the subpoenaing party establishes that "exceptional circumstances" exist to override

5 the "prime concern" of avoiding burdens on local non-parties subject to the subpoenas. *See* Fed. R.

6 Civ. P. 45, Advisory Comm. Notes (2013 Amendments).

7 **IV.   PLAINTIFFS' MOTION TO COMPEL SHOULD BE DENIED**

8       Plaintiffs have failed to show that the need for the discovery sought outweighs the burden of

9 production to Google, particularly given the highly confidential and competitively sensitive nature

10 of the information they seek and the special weight given to protecting non-parties.[1] Plaintiffs have

11 received extensive discovery on the YouTube Sunday Ticket agreement already—including from

12 YouTube—and cannot show a need for more based on anything other than an unsubstantiated hunch.

13 Moreover, while framing their request as "modest in scope," Plaintiffs' fishing expedition seeks

14 custodial searches from YouTube that are more burdensome than even those the NFL—a party to

15 the litigation—was required to conduct. Plaintiffs have also failed to show a substantial need for

16 discovery that would justify overriding the heightened protections given to confidential commercial

17 information.

18       **A.   The Discovery Plaintiffs' Demand is Unjustified in Light of the Extensive**

19            **Discovery Already Produced on the Topic**

20       Plaintiffs have received extensive discovery on the Sunday Ticket negotiations between

21 YouTube and the NFL. The additional discovery sought from YouTube now is unreasonably

22 cumulative, of only hypothetical and speculative relevance, and disproportionate to any conceivable

23 need of the Plaintiffs.

24

25

26

27 ---

[1] Plaintiffs insinuate that YouTube is not a true non-party because it is the rightsholder to Sunday Ticket. Mot. at 1. This is incorrect. *See LegalZoom.com v. Rocket Law. Inc.*, 2015 WL 12832823, at

28 *2 (N.D. Cal. Mar. 23, 2015) (Cousins, J.) (rejecting "the proposition that Rules 45 and 26 only protect a non-party like Google if it is a neutral to the underlying case").

5

Prior discovery on the topic has included two rounds of custodial document searches from the NFL, the second of which used expanded search terms *drafted by Plaintiffs* with terms referring specifically to Google and YouTube. MDL ECF Nos. 924 at 7; 937 at 1. It also included a production from YouTube of 100 pages of directly responsive internal YouTube documents related to the Sunday Ticket negotiations and YouTube's Sunday Ticket offerings. These productions meet the precise description of the documents Plaintiffs seek here: "documents reflecting or relating to any proposals or counterproposals exchanged by Google and the NFL and [Google's] internal analyses of those proposals." Mot. at 7. Specifically, from the NFL, they have proposal(s) the NFL received from YouTube, internal NFL communications about those proposals, communications between the NFL and YouTube about the negotiations, and internal NFL analyses regarding the future rights to the NFL Sunday Ticket package. MDL ECF No. 924 at 6. From YouTube, they have internal analyses prepared for senior management related to the negotiations, ███████████████████ ██████████████████████████████████████████████████████████████ ████████████████████████████████████████.

Yet in all of these materials, Plaintiffs have not found what they now claim to be looking for: proposals and counterproposals exchanged between YouTube and the NFL evidencing "restrictions that the NFL place[d] on Sunday Ticket that are not expressly reflected in the YouTube agreement." Mot. at 2. To begin with, any such extra-contractual restrictions are irrelevant ██████████████ ██████████████████████████████████████████████████████████████ ████████████████████████████████ And, documents reflecting restrictions "*that the NFL place[d]*," if they exist at all, would have been in the NFL's possession and should have been discovered through the two rounds of productions Plaintiffs already received from the NFL. It strains credulity to imagine that such a restriction would be evidenced in the internal YouTube communications now sought but not in a single document or piece of deposition testimony produced to date. The restriction would need to have been proposed by the NFL orally, never reflected in any written communication between YouTube and the NFL, never reflected in any of the NFL's internal written analyses or correspondence, never reflected in the internal analyses prepared for senior

management review of the deal that YouTube has already produced, and yet somehow reflected in individual YouTube custodians' documents.

Plaintiffs offer nothing but imagination to suggest that any such extra-contractual restriction exists or that Google would have non-cumulative evidence. Plaintiffs have had ample opportunity to seek discovery to support their hunch from the actual defendant in the case, the NFL. The fact that they have put nothing forward on this motion to support their continuing speculation should alone doom their motion as "[r]equested discovery is not relevant to the subject matter involved in a pending action if the inquiry is only based on the requesting party's mere suspicion or speculation." *Shinedling v. Sunbeam Prods.*, 2013 U.S. Dist. LEXIS 198749, at *4 (C.D. Cal. July 26, 2013).

The information Plaintiffs demand from Google is doubly irrelevant. Even if, as Plaintiffs imagine, the NFL somehow imposed extra-contractual requirements on YouTube and the NFL managed to conceal those requirements in discovery, they would be irrelevant to this case, which is about a deal between the NFL and DirectTV, not the deal between the NFL and YouTube. Plaintiffs do little more than handwave on this central relevance problem by claiming that any potential injunction would affect YouTube's agreement with the NFL as well. While YouTube does not agree with that assessment, that proposition is not in front of this Court, nor is it related to the discovery Plaintiffs seek. This, too, warrants denial of their motion.

**B.      The Burden Imposed By Plaintiffs' Requests Far Exceed the Bounds of Reasonable Discovery on a Third Party**

Plaintiffs demand Google undertake custodial search and review of the documents of every YouTube employee who they believe took part in the NFL Sunday Ticket negotiations—a total of six individuals including two successive YouTube CEOs. *See* Mot. at 2. Plaintiffs paint this request as "reasonable," Mot. at 2, and "modest in scope," *id.* at 10. It is not.

Google is unaware of any other non-party in this litigation that has performed custodial searches in response to a Rule 45 subpoena. Moreover, the NFL—a party to the MDL litigation— was required to search only the documents of three custodians on the topic of the new Sunday Ticket deal negotiations across *all* potential counterparties. MDL ECF No. 924 at 3. In fact, when Plaintiffs

requested additional custodians from the MDL magistrate judge, "the Court reject[ed] the[ir] plainly overbroad and unreasonable proposal to collect documents from, not just the three custodians, but from 'all NFL employees who were party to such communications' with Apple, Amazon, Google/YouTube, Disney/ESPN and Roku." MDL ECF No. 924 at 6. Plaintiffs' proposal to collect from all YouTube employees involved in negotiations with the NFL is even more "plainly overbroad and unreasonable" as it is aimed at a non-party.

Accordingly, Plaintiffs have not met their "burden of establishing that [they] took 'reasonable steps' to avoid imposing an undue burden on non-party Google." *See LegalZoom.com v. Rocket Law. Inc.*, No. 12-CV-00942 GAF, 2015 WL 12832823, at *2 (N.D. Cal. Mar. 23, 2015) (quoting Fed. R. Civ. P. 45(d)(1)) (Cousins, J.); *see also Duong v. Groundhog Enterprises, Inc.*, 2020 WL 2041939, at * 3 (C.D. Cal. Feb. 28, 2020) (subpoena requests were unduly burdensome where collection and review of documents would require participation of multiple employees across more than one business group).

### C.     Plaintiffs Have Failed to Show a Substantial Need for YouTube's Confidential Commercial Information

Because the discovery sought constitutes YouTube's highly confidential and competitively sensitive commercial information, Plaintiffs have the even more onerous burden of demonstrating a "substantial need" for these documents. *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 684 (N.D. Cal. 2006). They have failed to make such a showing.

Plaintiffs seek details regarding YouTube's recent, confidential negotiations with the NFL, including proposed terms, pricing, internal analyses, and other material constituting important proprietary information that YouTube keeps closely guarded. Should this information become known, it has the potential to harm YouTube's existing multi-billion dollar deal with the NFL, as well as future negotiations with the NFL and others. Plaintiffs have failed to show a substantial need for this confidential commercial information. *See GreenCycle Paint, Inc. v. PaintCare, Inc.*, 2018 WL 1399865, at *3-4 (N.D. Cal. Mar. 19, 2018) (non-party's "pricing and customer information" protected as confidential; quashing subpoena); *Edwards v. California Dairies, Inc.*, 2014 WL

2465934, at *5-6 (E.D. Cal. June 2, 2014) (non-party's "pricing data" protected as confidential; denying motion to compel); *SPS Techs., LLC v. Briles Aerospace, Inc.*, 2019 WL 13108018, at *1-2 (C.D. Cal. June 24, 2019) (quashing subpoena where movant did not meet its burden to demonstrate a substantial need for commercially sensitive information).

While the existence of a protective order may mitigate concerns regarding disclosure of commercially sensitive information, it does not and cannot eliminate them. *See Realtime Data, LLC v. MetroPCS Texas, LLC*, 2012 WL 1905080, at *3 (S.D. Cal. May 25, 2012) (denying motion to compel, noting a non-party's "concerns regarding the security of its [produced information], despite the protective order, cannot be ignored"); *Mannington Mills, Inc. v. Armstrong World Indus., Inc.*, 206 F.R.D. 525, 530 (D. Del. 2002) (quashing subpoena, recognizing potential harm to non-party of producing commercially sensitive information notwithstanding outside counsel only provision of protective order). As such, notwithstanding the supplemental protective order, the risk of competitive harm to YouTube that would result from disclosure of these very sensitive documents constitutes undue burden, particularly considering the limited relevance of any such documents.

## V.   PLAINTIFFS' ALTERNATE REQUEST FOR TRANSFER TO THE CENTRAL DISTRICT OF CALIFORNIA SHOULD BE DENIED

Plaintiffs' alternative request for transfer to the Central District of California is not warranted as YouTube does not consent to transfer and Plaintiffs fail to establish exceptional circumstances. While Rule 45(f) does not define "exceptional circumstances," the "prime concern" when considering transfer of a subpoena-related motion "should be avoiding burdens on local nonparties subject to subpoenas." Fed. R. Civ. P. 45, Advisory Comm. Notes (2013 Amendments).

Despite Plaintiffs' attempts to downplay them, YouTube has real interests in having this Motion resolved locally in this District. As this Court has recognized, "local nonparties should be burdened as little as practicable by litigation in which they are not involved, and local resolution of the motion will typically impose a lighter burden." *Personalised Media COMMC'ns, LLC v. Top Victory Elecs. (Taiwan) Co.*, 2016 WL 8542561, at *2 (N.D. Cal. Aug. 3, 2016) (citing *Woods ex del. U.S. v. Southern Care, Inc.*, 303 F.R.D. 405, 407-408 (N.D. Ala 2014)). This case is no

9

1    exception—YouTube is headquartered and based in this District, and many of the documents and

2    custodians that are the subject of this motion reside in this District.[2]

3        California district courts have found that MDL courts do not have jurisdiction to enforce

4    document subpoenas on third parties where compliance is required in another district. *See In re*

5    *Packaged Seafood Products Antitrust Litig.*, 2018 WL 454440, at *2 (S.D. Cal. Jan. 17, 2018)

6    (United States District Court for the Southern District of California, as the court overseeing the MDL,

7    refused to enforce a document subpoena where compliance was required in the Central District of

8    California); *VISX, Inc. v. Nidek Co.*, 208 F.R.D. 615, 616 (N.D. Cal. 2002) ("Had Congress wanted

9    to expand these [enforcement] powers to document subpoenas, it would have said so."); *Hausauer*

10    *v. Trustedsec, LLC*, 2020 WL 6826368, at *6-7 (N.D. Oh. Nov. 20, 2020) (denying transfer under

11    Rule 45(f) where underlying case was MDL proceeding, noting failure to identify risk of inconsistent

12    rulings). In fact, a motion to quash related to Plaintiffs' subpoena to non-party Apple in this very

13    case was heard and decided in the Northern District of California. *In re: National Football League's*

14    *"Sunday Ticket" Antitrust Litigation,* Case No. 22-mc-80140, ECF Nos. 1 (Motion to Quash) and 29

15    (Minute Entry Granting in Part and Denying in Part Apple's Motion).

16        In claiming "exceptional circumstances," Plaintiffs misconstrue both the status of the MDL

17    litigation and the issues raised by this subpoena-related Motion. Plaintiffs have not established that

18    the Central District of California has, for example, "already ruled on issues presented by the motion

19    or the same issues are likely to arise in discovery in many districts." *See* Fed. R. Civ. P. 45, Advisory

20    Comm. Notes (2013 Amendments). Plaintiffs fail to demonstrate a risk of inconsistent rulings given

21    the narrow discovery dispute here. Furthermore, as the deadline for the close of the vast majority of

22    fact discovery in this case has long since passed; YouTube is aware of no other active discovery

23    disputes, or even potential discovery disputes, on the MDL docket.

24

25    [2] That some of YouTube's counsel is located in Washington, D.C. is a red herring. The inquiry con-

26    cerns the burden to YouTube, not its counsel. In other transfer contexts, courts routinely refuse to

27    consider the location of counsel in evaluating transfer. *E.g.*, *Ctr. for Biological Diversity v. Rural Utilities Serv.*, 2008 WL 2622868, at *1 (N.D. Cal. June 27, 2008) ("[L]ocation of counsel is irrelevant

28    and improper for consideration in determining the question of transfer[.]") (quoting *In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003)).

Plaintiffs' cited case law does not support transfer. In two of the three cases relied upon by Plaintiffs, a main concern raised by the court in finding "exceptional circumstances" was the risk of "disrupt[ing] the issuing court's management" of the underlying litigation due to deadlines for fact discovery that were "less than a month away" in each case. *In re All. Healthcare Partners, LLC*, 2022 WL 16527952, at *4 (D. Ariz. Oct. 28, 2022); *3B Med., Inc. v. Resmed Corp.*, 2016 WL 6818953, at *3 (S.D. Cal. Oct.11, 2016). There is no impending deadline—certainly not a fact discovery deadline as that has long since passed—that poses a similar risk here. Plaintiffs also rely on *In re Welding Rod Prod. Liab. Litig.*. Mot. at 14 (citing 406 F. Supp. 2d 1064 (N.D. Cal. 2005)). But, in that litigation, the court overseeing the MDL action in the United States District Court for the Northern District of Ohio, "issued a standing order [] requesting that 'district courts faced with discovery disputes related to the Welding Rod Litigation refer such disputes to her for resolution." *Id.* at 1065. Here, the Central District of California has issued no such orders.

## VI.    CONCLUSION

For the reasons stated above, Google respectfully requests the Court deny Plaintiffs' Motion to Compel in its entirety.

Dated: September 6, 2023                         Respectfully submitted,

                                                 */s/ Bradley T. Tennis*
                                                 BRADLEY T. TENNIS, SBN 281206
                                                 **WILSON SONSINI GOODRICH & ROSATI**
                                                 Professional Corporation
                                                 1700 K Street NW
                                                 Washington, DC 20006
                                                 Telephone: (202) 973-8800
                                                 Facsimile: (202) 973-8899
                                                 Email: btennis@wsgr.com

                                                 AMIT Q. GRESSEL, SBN 307663
                                                 **WILSON SONSINI GOODRICH & ROSATI**
                                                 Professional Corporation
                                                 One Market Plaza
                                                 Spear Tower, Suite 3300
                                                 San Francisco, CA 94105
                                                 Telephone: (415) 947-2000
                                                 Facsimile: (415) 947-2099
                                                 Email: agressel@wsgr.com

                                                 *Counsel for Google LLC*

## <u>CERTIFICATE OF SERVICE</u>

I, Bradley T. Tennis, hereby certify that on September 6, 2023, I electronically filed the fore-going document entitled **NON-PARTY GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS** with the Clerk of the Court for the United States District Court, Northern District of California using the CM/ECF system and served a copy of same upon all counsel of record via the Court's electronic filing system.

*/s/ Bradley T. Tennis*
Bradley T. Tennis

NON-PARTY GOOGLE'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL
Case No. 5:23-mc-80213-NC